IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
KANSAS CITY DIVISION

| | |
|---|---|
| HALLMARK CARDS, INCORPORATED, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 4:08-CV-00840-ODS<br>) |
| MONITOR CLIPPER PARTNERS, LLC<br>MONITOR CLIPPER EQUITY<br>    PARTNERS II, L.P.<br>ADAM DOCTOROFF,<br>RPG INVESTMENT HOLDINGS, LLC,<br>CHARLES YOON,<br>WILLIAM YOUNG,<br>MARK THOMAS,<br>SULLIVAN & WORCESTER, LLP, and<br>LAURA STEINBERG, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## DEFENDANTS SULLIVAN & WORCESTER LLP'S AND LAURA STEINBERG'S MOTION TO DISMISS

Sullivan & Worcester LLP and Laura Steinberg (collectively, the "Sullivan Defendants") hereby move to dismiss Hallmark Cards, Incorporated's ("Hallmark") First Amended Complaint ("Compl.") pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth in the Sullivan Defendants' Suggestions in Support of their Motion to Dismiss, filed concurrently, the Sullivan Defendants are absolutely immune to Hallmark's First Amended Complaint, and Hallmark fails to state a claim for RICO violations under 18 U.S.C. § 1962, RICO conspiracy, or common-law conspiracy to misappropriate trade secrets.

1.    Hallmark's claims arise exclusively from the Sullivan Defendants' conduct in defense of litigation. The litigation privilege therefore cloaks the Sullivan Defendants in absolute immunity against all of Hallmark's claims. *See, e.g.*, Restatement (Second) of Torts § 586 (1977) ("An attorney at law is absolutely privileged to publish defamatory matter

concerning another in communications preliminary to a proposed judicial proceeding, or in the institution of, or during the course and as a part of, a judicial proceeding in which he participates as counsel, if it has some relation to the proceeding."); *Trachsel v. Two Rivers Psychiatric Hosp.*, 883 F. Supp. 442, 444 (W.D. Mo. 1995) (granting motion to dismiss on grounds of absolute privilege and holding that "[t]he court considers it probable that the Missouri Supreme Court would adopt § 586 of the Second Restatement").

2. The allegations in the Amended Complaint relate to conduct by the Sullivan Defendants directed at petitioning the government for redress. The Sullivan Defendants therefore are absolutely immune based on the doctrine set forth in *E. R.R. Presidents Conf. v. Noerr Motor Freight, Inc.*, 365 U.S. 127, 138 (1961) and *United Mine Workers v. Pennington*, 381 U.S. 657, 669-70 (1965).

3. Hallmark lacks standing to pursue its RICO claim against the Sullivan Defendants because the conduct it alleges against the Sullivan Defendants (litigation misconduct) was distinct from the conduct giving rise to the claimed RICO injury (trade secret misappropriation). *See Newton v. Tyson Foods, Inc.*, 207 F.3d 444, 447 (8th Cir. 2000) (holding the plaintiff's alleged injuries were too "far distant along the chain of causation from [defendant's] alleged wrong and are too attenuated and removed from those wrongs to provide a basis for standing under RICO").

4. The Sullivan Defendants cannot be held liable under RICO because they did not "participate in the operation or management" of a RICO enterprise. *Reves v. Ernst & Young*, 507 U.S. 170, 185 (1993); *see also Notle v. Person*, 944 F.2d 1311, 1317 (8th Cir. 1993) (affirming dismissal of a § 1962(c) claim because "there [was] no evidence suggesting that the attorneys participated in the operation or management of the enterprise").

2

5. The Amended Complaint must be dismissed as to Sullivan & Worcester LLP because Hallmark pleads no independent basis for holding Sullivan & Worcester LLP liable for predicate criminal acts, apart from the allegations against Ms. Steinberg. *See Luthi v. Tonka Corp.*, 815 F.2d 1229, 1230 (8th Cir. 1987) (declining to apply the doctrine of *respondeat superior* to RICO claims).

6. The Amended Complaint must be dismissed because Hallmark fails to adequately plead that any of the Sullivan Defendants participated in a racketeering activity. Hallmark does not: (1) allege that the Sullivan Defendants participated in "unlawful activity" cognizable under 18 U.S.C. § 1951, the statute proscribing "interstate travel in aid of racketeering"; (2) explain how the Sullivan Defendants obstructed official proceedings other than through the "lawful, bona fide, legal representation services in connection with or anticipation of an official proceeding" specifically exempted by 18 U.S.C. § 1515(c); (3) claim that Steinberg traveled interstate with "stolen goods" (i.e., Hallmark's "confidential information"), as required for a violation of 18 U.S.C. § 2314; or (4) allege mail or wire fraud other than the protected service of litigation documents or allege that any such fraud somehow furthered an already-completed scheme to misappropriate trade secrets.

7. Hallmark's RICO claim fails because Hallmark did not (and cannot) plausibly allege that the Sullivan Defendants engaged in a "pattern" of racketeering activity. To comprise a pattern, predicate acts must satisfy relatedness and continuity requirements. *H.J. Inc. v. NW Bell Tel. Co.*, 492 U.S. 229, 239 (1989). Hallmark fails to meet the relatedness requirement because it does not claim that the Sullivan Defendants were involved in the trade secret misappropriation that was the goal of the claimed RICO enterprise, and because the "pattern" of acts Hallmark alleges is really just subparts of the same act.

3

8.  Hallmark also cannot show continuity. "Closed-ended" continuity fails because the claimed racketeering pattern lasted for little more than a year. *See First Capital Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 181 (2d Cir. 2004) ("[T]his Court has never found a closed-ended pattern where the predicate acts spanned fewer than two years." (emphasis added)). Nor can Hallmark establish a pattern through "open-ended" continuity, because it cannot prove the Sullivan Defendants "pose a threat of continued criminal activity." *H.J., Inc.*, 492 U.S. at 239.

9.  The RICO and common-law conspiracy claims must be dismissed because Hallmark has not alleged facts that could plausibly show that the Sullivan Defendants entered into an illegal agreement. *City of Kansas City, Mo. v. Yarco Co., Inc.*, 09-0510-CV-W-GAF, 2009 WL 3379096, at *2 (W.D. Mo. Oct. 19, 2009). And Monitor and the Sullivan Defendants could not have conspired as a matter of law because the Sullivan Defendants, as Monitor's counsel, could not have conspired with their own client. *See Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 871 (8th Cir. 2002) (applying Missouri law) (holding that, under Missouri law, a plaintiff cannot state a claim against an attorney where he "failed to allege any acts outside the scope of the normal relationship between attorney and client"); *Roth v. La Societe Anonyme Turbomeca Fr.*, 120 S.W.3d 764, 778 (Mo. Ct. App. 2003) ("Because an attorney is an alter ego of his or her client, a conspiracy between the attorney and client usually is not possible."). It is equally well established that conclusory allegations of a "cover-up," conducted after a conspiracy's goal has been accomplished, fail to state a claim for conspiracy. *Grunewald v. United States*, 353 U.S. 391, 401-02 (1957); *Robinson v. Hawkins*, 942 F. Supp. 1234, 1238 (E.D. Mo. 1996) (collecting authority).

For the foregoing reasons, the Sullivan Defendants request this Court dismiss Hallmark's First Amended Complaint against the Sullivan Defendants with prejudice.

Respectfully submitted this 27th day of August, 2010.

/s/ Carolyn J. Fairless
Michael L. O'Donnell
Carolyn J. Fairless
LaMar F. Jost
Wheeler Trigg O'Donnell LLP
1801 California Street, Suite 3600
Denver, CO 80202
odonnell@wtotrial.com
fairless@wtotrial.com
jost@wtotrial.com


/s/ Spencer J. Brown
Spencer J. Brown (#18616)
Deacy & Deacy, LLP
920 Main Street, Suite 1900
Kansas City, MO 64105-2010
sjb@deacylaw.com
(816) 421-4000
Fax: (816) 421-7880


Attorneys for Defendants Attorneys for Defendants
Sullivan & Worcester, LLP and Laura Steinberg

## CERTIFICATE OF SERVICE

    I hereby certify I electronically filed the foregoing with the Clerk of Court, on August 27, 2010, using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Charles W. German
Daniel E. Blegen
Jeremy Suhr
Rouse Hendricks German May, PC
1010 Walnut St., Suite 400
Kansas City, MO 64106
(816) 471-7700
Fax: (816) 471-2221
charleyg@rhgm.com
danb@rhgm.com
jeremys@rhgm.com

John C. Aisenbrey
Anne M. Emert
Stinson Morrison Hecker, LLP
1201 Walnut St., Suite 2800
Kansas City, MO 64106
(816) 842-8600
Fax: (816) 412-0997
jaisenbrey@stinson.com
aemert@stinson.com

ATTORNEYS FOR HALLMARK
CARDS INCORPORATED

David F. Oliver
Nick J. Kurt
Berkowitz Oliver Williams
 Shaw & Eisenbrandt, LLP
2600 Grand Blvd., Suite 1200
Kansas City, MO 64108

Patrick J. O'Toole
Weil, Gotshal & Manges
100 Federal St., 34th Floor
Boston, MA 02110

6

Case 4:08-cv-00840-ODS   Document 104   Filed 08/27/10   Page 6 of 7

Christopher Pace
Weil, Gotshal & Manges, LLP
1395 Brickell Ave., Suite 1200
Miami, FL 33131

ATTORNEYS FOR DEFENDANT
MONITOR CLIPPER PARTNERS,
AND THE INDIVIDUAL CLIPPER
DEFENDANTS

/s/ Spencer J. Brown
Attorney for Defendants