IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| HALLMARK CARDS, INCORPORATED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 08-0840-CV-W-ODS |
| | ) | |
| MONITOR CLIPPER PARTNERS, LLC, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND OPINION DENYING DEFENDANTS SULLIVAN & WORCESTER LLP'S AND LAURA STEINBERG'S SPECIAL MOTION TO DISMISS

In a separate order, the Court dismissed all claims against Sullivan & Worcester, LLP, and Laura Steinberg (collectively "Defendants"). Pending is a "Special Motion to Dismiss," which seeks dismissal of Count IV and attorney fees pursuant to section 537.528 of the Missouri Revised Statutes. The request to dismiss is technically moot, but the request for fees is not. The Special Motion to Dismiss (Doc. # 108) is denied.

The statute provides that a request to dismiss any suit "seeking money damages . . . for conduct or speech undertaken or made in connection with a public hearing or public meeting, in a quasi-judicial proceeding before a tribunal or decision-making body for the state or any political subdivision of the state" is to be considered at an early stage of the proceedings. Mo. Rev. Stat. § 537.528.1. It accomplishes this task by staying discovery if a motion to dismiss such a suit is filed and requiring the motion be considered on a priority or expedited basis. However, the statute does not prohibit or curtail "the exercise of a right or remedy of a party granted pursuant to another constitutional, statutory, common law or administrative provision, including civil actions for defamation." Id. § 537.528.1. Therefore, the statute does not provide any special defenses or immunities; instead, it recognizes that many such suits are intended to prevent participation in governmental matters and accelerates the consideration of motions to dispose of such obstructive efforts.

The statute defines a "public meeting in a quasi-judicial proceeding" to mean "any meeting established and held by a state or local governmental entity" and provides

examples such as commissions and review boards. Id. § 537.528.4. Plaintiff correctly points out that the misconduct alleged in the Amended Complaint did not occur in a "public meeting in a quasi-judicial proceeding" as defined by the statute. Defendants engage in a semantic analysis to argue that the word "public" does not modify "quasi-judicial proceedings," so the quasi-judicial proceedings do not have to be open to the public. The obvious flaw in this argument is that section 537.528.4 clearly defines the entire phrase; additional parsing of the defined phrase is not permitted.

Defendants also argue that the Amended Complaint alleges misconduct in a public hearing; namely, the proceeding to enforce the arbitration award. However, none of the misconduct complained of is alleged to have occurred in this Court. Indeed, as the Court has stated previously, Defendants were not attorneys of record in the confirmation proceedings.

The Court is not convinced the statute is even intended to apply to judicial proceedings. Read in context, the phrase "public hearing" refers to hearings held by legislative, administrative, and executive agencies of the type referred to in subsection four of the statute. Conspicuous by absence is any reference to judicial proceedings. Use of the phrase "public hearing" seems to be an awkward way to describe judicial proceedings, particularly in light of the statute's other provisions indicating that the activity to be protected is involvement in public debate, the legislative process, and other aspects related to the representative branches of government. Suits interfering with such activity have an immediate deleterious effect that is different from the effect of asserting claims (even frivolous claims) against participants in litigation. Defendants insist other states would view the matter differently. The easy answer to this is: the Missouri statute is at issue, not the laws of other states.

Count IV is dismissed by virtue of the Court's previous order. Defendants' request for further relief is denied.

IT IS SO ORDERED.

DATE: November 22, 2010

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT