IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| HALLMARK CARDS, INCORPORATED, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MONITOR CLIPPER PARTNERS, LLC, )<br>et al., )<br>)<br>Defendants. ) | Case No. 08-0840-CV-W-ODS |

ORDER

On October 3, 2011, the Court endeavored to resolve a long-running discovery dispute by requiring Defendant to supply already-existing images of certain computers to Plaintiff's expert for a forensic analysis. Generally speaking, this analysis is intended to examine the unallocated storage space on the computer to determine whether deleted documents, e-mails, and other items provides any additional information about the extent to which Plaintiff's confidential information was possessed, disseminated, or used.

Defendant now expresses concern that some fragments in the unallocated space may contain privileged information, and ask the Court to provide them an opportunity to review Plaintiff's expert's findings before the expert reveals those findings to Plaintiff's counsel. The Court declines Defendant's request.

The Court's sense of matters is that Defendant generally has not been particularly forthcoming or cooperative during discovery. With respect to the present dispute, while the Court's orders have occasionally referred to the images of the computers as "documents," this was due largely to the cumbersome nature of the phrase. The Court believes Defendant should have been clear all along as to the Court's intention: after all, what value would there have been in producing documents from the computer for a forensic examination by a computer expert? Defendant claims,

essentially, that it did not realize that a forensic examination was going to be performed by Plaintiff's forensic expert – which makes no sense. When one also considers there have been contemporaneous discussions about other computer images, the Court finds it hard to believe that Defendant sincerely did not understand the Court's intent.

The Court is not willing to allow further delays at Defendant's insistence, particularly when those delays could have been avoided. Defendant could have conducted its own forensic examination and, had it asked for an opportunity to do so at some earlier time in this dispute, the Court might have been inclined to grant the request. While the Court utilized the procedure Defendant seeks with respect to RPG's computer images, this was largely because of an agreement between Plaintiff and RPG's owner. That procedure was also utilized earlier in the proceedings, when time was more of luxury.

If Defendant wishes to conduct its own forensic examination and suggest certain items are privileged it is free to do so. However, the Court will not delay the work of Plaintiff's expert, nor will the Court delay the expert's reporting of information or conclusions to Plaintiff. In the interest of expediency, the Court prefers Plaintiff's proposal of permitting Defendant to invoke its rights under Rule 26(b)(5)(B) to "clawback" any documents or information it believes are privileged.
IT IS SO ORDERED.

DATE: October 18, 2011

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT