IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

HALLMARK CARDS, INCORPORATED, )
)
                Plaintiff, )
)
vs. )    Case No. 08-0840-CV-W-ODS
)
MONITOR CLIPPER PARTNERS, LLC, )
et al., )
)
                Defendants. )

ORDER AND OPINION GRANTING IN PART PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT ON DEFENDANT CLIPPER'S COUNTERCLAIMS

      Pending is Defendants' Motion for Summary Judgment. The motion (Doc. # 340) is granted in part and denied in part.

I. BACKGROUND

      In October 2007, Plaintiff and Clipper entered into a "Confidential Agreement." Among other things the Agreement called for Clipper to search for and provide Plaintiff with certain information. Plaintiff agreed to release certain claims, excepting (among others) those related to intentional conduct or a breach of the representations contained in the Agreement. Once a certain amount of time had passed, Plaintiff was required to either cause a full release to be filed or file suit against Clipper. In its first counterclaim, Clipper alleges Plaintiff filed suit "prematurely" in violation of the Agreement, and that if it had not filed suit Plaintiff would have released all of its claims. For relief, Clipper seeks recovery of attorney's fees and costs in connection with this suit as well as specific performance (requiring Plaintiff to remove the release from escrow). In its second counterclaim, Clipper asserts a violation of the covenant of good faith and fair dealing, alleging Plaintiff was actually planning for litigation all along instead of sharing in and adhering to the Agreement's goal of avoiding litigation.

## II. DISCUSSION

Ordinarily, a summary judgment motion requires discussion of factual matters to ascertain whether material facts are undisputed such that one party is entitled to judgment as a matter of law. Plaintiff's motion is not typical in that it depends entirely on the legal viability of certain aspects of Clipper's counterclaims.

As a general matter, it seems the Counterclaims cannot survive if Plaintiff prevails on its claim that Clipper misappropriated trade secrets. Regardless of *when* Plaintiff filed suit, a suit would have been inevitable if, in fact, Plaintiff believed Clipper misappropriated trade secrets as this would constitute wrongful conduct and the Agreement did not preclude Plaintiff from filing a suit alleging wrongful conduct. Thus, regardless of anything the Court says herein, Clipper cannot prevail if it does not first prevail on Plaintiff's claim. To the extent that Clipper argues about the timing of the lawsuit, the Court fails to discern a viable claim. If the information already possessed by Plaintiff demonstrated that it was entitled to bring a claim for intentional misconduct, it seems irrelevant that Clipper had not finished providing information as required by the Agreement.

### A. Relief on the First Counterclaim

With respect to the first counterclaim, Plaintiff argues that Massachusetts law (which the parties agree governs this issue) does not permit a recovery of attorney's fees as a component of damages for breach of the failure to file a release. The Court agrees that in the absence of a provision permitting recovery of attorney fees in the Agreement, Clipper cannot recover attorney fees for breaching the agreement.

Clipper relies on cases that generally discuss the law of damages but admits there is no controlling precedent from the Massachusetts Supreme Judicial Court. Indeed, in addressing this issue, the First Circuit[1] also found "there is no Massachusetts

---

[1] It may not need to be said, but Massachusetts is in the First Circuit.

Case 4:08-cv-00840-ODS   Document 382   Filed 07/25/12   Page 2 of 4

case squarely on point, [but] the vast majority of jurisdictions . . . do not permit a litigant pursuing claims for breach of a release to recover attorneys' fees and costs as damages in the absence of a contractual clause, rule or statute specifically providing for that remedy." Bukuras v. Mueller Group, LLC, 592 F.3d 255, 266 (1st Cir. 2010).[2] The Court is obligated to predict how the highest court in Massachusetts would decide the issue. The Court will follow the First Circuit's recent prediction, id. at 266-67, and conclude the absence of a fee-shifting provision is fatal to Clipper's recovery of fees and costs associated with defending this suit.

Plaintiff also seeks summary judgment with respect to Clipper's request for specific performance. The Court is not sure what value this relief would have. As noted earlier, Clipper cannot prevail if Plaintiff convinces a jury that Clipper misappropriated trade secrets – and if Plaintiff does not convince a jury that Clipper misappropriated trade secrets, then Clipper will have "won the war" and this intermediate battle will be meaningless. Because (1) specific performance is an equitable remedy to be ordered by the Court and (2) the Court suspects it lacks full and complete information, the Court will deny Plaintiff's request for judgment on this remedy. The issue can be revisited, if necessary, at the end of trial.

## B. The Second Counterclaim

Clipper alleges Plaintiff violated the covenant of good faith and fair dealing by using the Agreement as a means to gather information for litigation, even though the Agreement's purpose was to avoid litigation. As stated, certain types of legal claims survived the Agreement. If Plaintiff prevails on the trade secret claim, then it cannot have violated the covenant of good faith and fair dealing. If Plaintiff does not prevail on the trade secret claim, then this counterclaim would not entitle Clipper to anything the

---

[2]Clipper suggests the First Circuit was wrong. Perhaps a more accurate statement would have been that there were no *reported* decisions from Massachusetts on point. This difference does not undermine the Court's decision to rely on the First Circuit's prediction of Massachusetts law.

3

first counterclaim would not already provide.  At best, this counterclaim is redundant and duplicative of the first counterclaim.  On that basis, the Court discerns no role for it and further litigation on this counterclaim will not be allowed.

### III.  CONCLUSION

Plaintiff's motion for partial summary judgment is granted in part.  Clipper's second counterclaim is effectively dismissed as it is duplicative of Clipper's first counterclaim.  Plaintiff is granted summary judgment with respect to Clipper's effort to recover attorney fees in connection with the first counterclaim.  Clipper's claim for specific performance may be revisited as circumstances require at the conclusion of the trial.

IT IS SO ORDERED.

DATE: July 25, 2012

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT