IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| HALLMARK CARDS, INCORPORATED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 08-0840-CV-W-ODS |
| | ) | |
| MONITOR CLIPPER PARTNERS, LLC, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND OPINION DENYING DEFENDANT MONITOR CLIPPER PARTNERS MOTION TO AMEND OR ALTER JUDGMENT

Following a jury trial and entry of an adverse judgment, Defendant Monitor Clipper Partners, LLC ("Clipper") filed a Motion for Judgment as a Matter of Law or, in the Alternative, for New Trial. That motion has been addressed and denied in a separate, contemporaneously-issued Order. Clipper has also filed a Motion to Alter or Amend the Judgment. For the following reasons, this motion (Doc. # 542) is also denied.[1]

A motion to alter or amend judgment is governed by Rule 59(e), and provides a district court with the opportunity to rectify its own mistakes before the judgment becomes final. E.g., Hite v. Vermeer Mfg. Co., 446 F.3d 858, 869 (8th Cir. 2006). Clipper's argument is similar (but not identical) to one addressed in the Court's contemporaneously-issued Order, and involves the effect of Plaintiff's arbitration and subsequent settlement with Monitor Company Group Limited Partnership ("Monitor"). In its other motions, Clipper argued Plaintiff's recovery from Monitor served as an absolute bar against any recovery from Clipper. In the present motion, Clipper argues it is

---

[1] The Court expresses no view on any of Plaintiff's arguments not specifically addressed herein.

entitled to contribution from Monitor – in the form of a credit on the judgment – pursuant to section 537.060 of the Revised Missouri Statutes. The Court disagrees.[2]

The pertinent portion of section 537.060 provides that "[w]hen an agreement by release . . . is given in good faith to one of two or more persons liable in tort *for the same injury* or wrongful death, such agreement shall not discharge any of the other tortfeasors for the damage unless the terms of the agreement so provide; however such agreement shall reduce the claim by the stipulated amount of the agreement, or in the amount of consideration paid, whichever is greater." (emphasis supplied). The Missouri Supreme Court has held this is an affirmative defense, and "[t]he defendant bears the burden of pleading and proving the elements of the defense." Sanders v. Ahmed, 364 S.W.3d 195, 211 (Mo. 2012) (en banc). Clipper argues it did not have to plead this defense, but the Court interprets Rule 8(c)(1) – which says a defendant "must affirmatively state any avoidance or affirmative defense" – differently. Even if the Court accepts Clipper's more relaxed view of its obligation, the Court holds Clipper has not raised the issue at a "pragmatically sufficient time" because it waited until after trial to raise the issue. Cf. Ozark Air Lines, Inc. v. Valley Oil Co., 239 S.W.3d 140, 145 (Mo. Ct. App. 2007) (per curiam) (party pleaded defense but "failed to meet its burden to prove the affirmative defense" when it "failed to prove the defense at trial" and "waited until after the jury had rendered its verdict *and* the jury had been discharged before raising the issue of a reduction in the judgment based on § 537.060.") (emphasis in original); accord Moore Automotive Group, Inc. v. Lewis, 362 S.W.3d 462, 468-69 (Mo. Ct. App. 2012).[3]

---

[2]As a prelude to its ruling, the Court notes Clipper repeatedly describes Plaintiff's claims against Clipper and Monitor as seeking recovery for the same injury. E.g., Clipper's Suggestions (Doc. # 543) at 2, 10, 17. The Court will, as it has previously, reject Clipper's depiction.

[3]Clipper also contends Plaintiff "stopped Clipper from raising it any earlier." Clipper's Reply Suggestions at 7. This makes no sense: Plaintiff could not have prevented Clipper from raising a defense. Clipper alleges some pretrial ruling sought by Plaintiff also effectively prevented it from raising this issue, but this also makes no sense. If a pretrial ruling implicated this issue, then that was the time to raise the issue – Clipper should not have sat idly and silently while its ability to present a defense was thwarted, then wait to raise the issue, for the first time, after trial.

2

Even if the Court could consider the issue now, the Record does not demonstrate Clipper has carried its burden. In Sanders, the Missouri Supreme Court said "a rebuttable presumption of joint liability for the same injury or wrongful death can arise from the plaintiff's pleadings and ensuing settlement. *Once that presumption arises*, it falls to the plaintiff to show that the injuries are divisible." Id. at 213 (emphasis supplied). "To prove a double recovery, a defendant must demonstrate an overlap between: (1) the injuries or damages for which a plaintiff has received compensation; and (2) the injuries or damages that are the subject of a plaintiff's claim against the defendant." Lewis, 362 S.W.3d at 468 (citing Stevenson v. Aquila Foreign Qualifications Corp., 326 S.W.3d 920, 930 (Mo. Ct. App. 2010)). Clipper has contended, in conclusory fashion, that the injuries are the same (see footnote 2, supra), but has not proven the point. Clipper focuses on cases discussing how and when a single injury can be divided amongst tortfeasors (for instance, when the plaintiff was involved in successive rear-end collisions), but that is not the case at bar: this case and the settlement compensated Plaintiff for different wrongs resulting in distinct injuries, not "a single, indivisible harm caused by independent separate, but concurring wrongful acts of two or more persons." Gibson v. City of St. Louis, 349 S.W.3d 460, 466 (Mo. Ct. App. 2011) (quotations and citations omitted).

In this regard, the Court adopts its discussion of the issue from pages three to seven in its contemporaneously issued Order. In addition to what was said in that Order, the Court adds the following observations. Monitor was originally a defendant in this suit, but the Court granted Monitor's motion to compel arbitration. Order dated March 16, 2009 (Doc. # 47). Plaintiff's claims in this case eventually became part of its "reopened arbitration," which eventually led to the aforementioned settlement. However, review of the original Complaint reveals Plaintiff did not assert any claims against Monitor for misappropriation of trade secrets. That claim appears in Count III, and Monitor was not a party to Count III. Count IV asserts a claim for conspiracy to misappropriate trade secrets, but Monitor is also not a party in Count IV. Monitor was only sued for violating RICO (Count I), and this count was predicated on suppressing (from the arbitrator) information relating to the defendants' use of Plaintiff's trade secrets, witness tampering in connection with the arbitration, and obstruction of justice

3

(again, in connection with the arbitration).[4] So, in combination, the injuries for which Plaintiff sought redress from Monitor consisted of:

(1) Monitor's breach of the agreement to keep Plaintiff's information confidential (for which Plaintiff was initially awarded the value of that contractual provision, separate and apart from any damages caused by the use/dissemination of the information),

(2) Monitor's internal use of Plaintiff's trade secrets (separate and apart from any other entity's use of the trade secrets), and

(3) Alleged transgressions in relation to the arbitration.

Nothing demonstrates Plaintiff sought, asserted, or received compensation from Monitor for Clipper's use of the trade secrets. The injuries at issue are distinguishable and separate, so there is no basis for applying section 537.060.

Clipper's primary argument involves an attempt to demonstrate that Monitor was involved in Clipper's misappropriation of Plaintiff's trade secrets, (or to suggest this is how the case was presented to the jury). Even if Monitor was a joint tortfeasor and thus equally liable for Clipper's misappropriation (an issue the Court need not decide), this fact alone would not prove Clipper is entitled to a set-off because what is needed is proof that Monitor *paid* for that joint tort. On this Record, the Court concludes this proof is lacking, and that Monitor paid for other torts/breaches of contract.

Clipper's Motion to Alter or Amend the Judgment is denied.

IT IS SO ORDERED.

DATE: March 20, 2013

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[4]Count I was later dismissed as to the defendants who were not parties to the arbitration. See Order dated November 22, 2010 (Doc. # 146); Order dated December 2, 2010 (Doc. # 149).