IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| HALLMARK CARDS, INCORPORATED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 08-0840-CV-W-ODS |
| | ) | |
| MONITOR CLIPPER PARTNERS, LLC, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

<u>ORDER AND OPINION GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S BILL OF COSTS</u>

On November 19, 2012, a jury returned a verdict in favor of Plaintiff and against Defendant Monitor Clipper Partners LLC ("Clipper") on Plaintiff's claim that Clipper misappropriated Plaintiff's trade secrets.[1] The jury awarded Plaintiff $21.3 million in actual damages and $10 million in punitive damages. Plaintiff then submitted a Bill of Costs pursuant to 28 U.S.C. § 1920, seeking $83,197.84 for "fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case" and $436,691.87 for "exemplification and copies of papers necessarily obtained for use in the case." To support its entitlement to more than half a million dollars, Plaintiff supplied (1) an affidavit from counsel that is slightly longer than one page and baldly asserts "the costs were necessarily incurred as a result of the discovery taken and costs incurred in preparation for trial" and (2) more than 130 pages of invoices.

Section 1920 sets forth categories of costs that are to be granted to prevailing parties. These categories represent "rigid controls:" only items within these categories may be taxed. E.g., <u>Brisco-Wade v. Carnahan</u>, 297 F.3d 781, 782 (8th Cir. 2002) (per curiam). Once a prevailing party demonstrates a cost is compensable under the statute, there is a strong presumption that the full amount is to be awarded; the burden

---

[1] The jury also found for Plaintiff on the same claim against Adam Doctoroff, but in a separate order issued today the Court is entering judgment as a matter of law in Doctoroff's favor.

falls on the losing party to demonstrate that the award is inequitable. Concord Boat Corp. v. Brunswick Corp., 309 F.3d 494, 498 (8th Cir. 2002). While the Court has substantial discretion to determine the appropriate amount to be awarded, that discretion cannot be used to compensate for costs that are not included in the statute. See Brisco-Wade, 297 F.3d at 782-83. Thus, while Plaintiff rests heavily on the proposition that it is presumptively entitled to a full award of costs, this presumption relates to the amount to be awarded and has no role in determining *which* costs it is entitled to recover.

*1.*

Section 1920's directive to award costs for "copying" applies in the computerized context, but Plaintiff has not made it easy to evaluate whether (and to what extent) it has satisfied its initial burden to demonstrate compensability. Plaintiff has submitted the invoices from the vendor it retained to do the copying and has asked for those invoices to be paid in full, without explaining how everything the vendor did qualifies as copying under the statute. To borrow from the observations of the Third Circuit in a similar case, the invoices "are notable for their lack of specificity and clarity as to the services actually performed. . . . [They are] replete with technical jargon that makes it difficult to decipher what exactly was done." Race Tires Am., Inc. v. Hoosier Racing Tire Corp., 674 F.3d 158, 167 (3d Cir. 2012).

The Eighth Circuit has not specifically addressed how section 1920(4) relates to electronically stored information ("ESI"). See Little Rock Cardiology Clinic P.A. v. Baptist Health, 591 F.3d 591, 602 (8th Cir. 2009). Clipper directs the Court to Race Tires, one of the few appellate decisions to address the issue.[2] The Court finds the Third Circuit's analysis to be persuasive, and relies on it to hold that scanning

---

[2]Plaintiff directs the Court to the Sixth Circuit's decision in BDT Products, Inc. v. Lexmark Int'l, Inc., 405 F.3d 415 (6th Cir. 2005) but the Court finds this decision less persuasive than Race Tires because it provides little discussion of section 1920(4). (Clipper points out that BDT Products was also abrogated in part by Taniguchi v. Kan Pacific Saipan, Ltd, 132 S. Ct. 1997 (2012), but the abrogated portion probably relates to BDT Products' discussion of translations, 405 F.3d at 419, as that is the issue addressed in Taniguchi).

2

documents and converting computer data into readable format constitute copying within the meaning of section 1920(4).  674 F.3d at 166-67.  This means, however, that the costs associated with storing ESI are not recoverable.  The Court acknowledges that some district courts have awarded this cost – but others have not.  The Court sides with the latter group (and agrees with Race Tires) because the test of compensability is whether an expense is covered by the statute, not whether the expense is necessary or helpful.  Many necessary and helpful expenses are not covered by section 1920, and it is not the Court's role to rewrite the statute.  Taniguchi, 132 S. Ct. at 2006.  Simply put, "storing documents" and "copying documents" are two different things: the latter is compensable, and the former is not.[3]  Therefore, the Court disallows $267,540 from Plaintiff's bill of costs.

2

The Court also disallows $82,980.84 in costs that Plaintiff describes as being an additional expense from mid-2012 that was "a result of Defendants' decision to wait until near the end of discovery to issue" a "broad" discovery request.  Plaintiff's Reply Suggestions at 10.  Assuming, without deciding, that this extra expense is compensable, the Court holds Plaintiff is not entitled to recover it.  As documented in the Court's April 25, 2012 Order, the Court placed blame for this eleventh-hour discovery issue on *both* parties.  Much as Plaintiff wishes to continue contesting the issue, see Order dated May 11, 2012 (Doc. # 318), the Court found (1) Plaintiff should have provided the information sooner and (2) Defendants should have been more diligent about securing its production.  The Court does not find awarding this expense to be equitable.

---

[3]If one were to analogize to a non-ESI situation, the statute would not allow a prevailing party to recover for renting space to store copies.

3

*3.*

With respect to deposition costs under section 1920(2), the Eighth Circuit has held that video-deposition costs are compensable. Craftsmen Limousine, Inc. v. Ford Motor Co., 579 F.3d 894, 897-98 (8th Cir. 2009). Clipper concedes this point, but argues that a prevailing party cannot recover the cost for both a video deposition and a stenographic transcript. Clipper then argues that since both costs cannot be recovered, the additional cost for synchronizing the two is not recoverable. The issue is not addressed in Craftsmen Limousine (or any other Eighth Circuit decision identified by the parties), and district courts in the Eighth Circuit have reached opposite conclusions on this issue. Compare EEOC v. Hibbing Taconite Co., 2010 WL 4237318 (D. Minn. 2010) ("the express language of 28 U.S.C. § 1920(2) precludes an award of both costs.") with Avante Int'l Tech. Corp. v Premier Election Solutions, Inc., 2009 WL 3259613 (E.D. Mo. 2009) (awarding costs for both the videotaped deposition and the written transcript because Craftsmen Limousine relied on decisions from Circuits that permitted both costs to be awarded).

The Court believes the better view is that a prevailing party is entitled to recover the costs for a single reproduction of the deposition, be it a videotape or the stenographic transcript. The Court reaches this decision for several reasons. First, section 1920(2) does not permit recovery for multiple copies of a deposition. Second, section 1920(2) is not a general provision allowing attorneys to recover all expenses associated with either trial preparation or trial presentation. The Supreme Court's recent reminder of this point is instructive. Third, the Court is not persuaded that Craftsmen Limousine intended to import all aspects of the law in the Seventh, Tenth and Eleventh Circuits when it endorsed the law of those circuits on this particular point. To the contrary, part of the Eighth Circuit's reasoning rested on Federal Rule of Civil Procedure 30(b)(3)(A), which it described as "authoriz[ing] video depositions as an alternative to traditional stenographic depositions . . . ." Craftsmen Limousine, 579 F.3d at 897 (emphasis supplied).

4

Plaintiff has submitted invoices for video and stenographic depositions for the same witnesses totaling $68,978.65. The Court will award Plaintiff half of this amount to account for the ruling contained in the previous paragraph.

*4.*

Notwithstanding the Eighth Circuit's ruling in Craftsmen Limousine, Clipper argues an award of any costs for nonstenographic recordings are disallowed by Local Rule 30.1(c)(4). That rule states "[u]nless otherwise ordered by the Court or stipulated by the parties, the expense of non-stenographic recording is to be borne by the party utilizing it and shall not be taxed as costs." The Court holds Local Rule 30.1(c)(4) is not an impediment in this case for several reasons. First, the Local Rule mirrors Rule 30(b)(3) – yet Rule 30(b)(3) was relied upon by Craftsmen Limousine to permit an award of costs in this situation. If anything, the Local Rule is more permissive regarding costs. Second, if there is any conflict between the Local Rule and Craftsmen Limousine, then the Local Rule must be disregarded. Third, the Local Rule's reference to the possibility of stipulation suggests it may be intended to clarify who must initially pay the expense, not which party will ultimately bear the cost under section 1920. Fourth, this Order satisfies the Local Rule's requirement that costs will not be shifted "[u]nless otherwise ordered by the Court."

*5.*

The Court's prior ruling leads to the obvious conclusion that synchronization of the written and video depositions is not allowed. The Court would reach this decision even if costs could be awarded for both the video and written transcript, because synchronization of the two is not a fee for the transcript. It is part of a party's plan to present evidence to the jury, and just as the creation of a powerpoint presentation or the enlargement of exhibits are not compensable costs, this item is not recoverable. The Court excludes $9,702.50, which consists of $4,940 for digitizing and synchronizing the depositions and $4,762.50 for editing videos for use at trial. Copies of trial exhibits are

5

not compensable, so the Court excludes an additional $1,535.86. Plaintiff also agrees that $348.45 in delivery charges should be excluded.

The Court has considered Clipper's remaining objections to the itemized expenses and rejects them. In particular, the Court agrees that the cost of digitizing deposition exhibits so they appear in the video is a compensable part of the cost of obtaining the videotaped deposition.

*6.*

In evaluating the reasonableness of costs, the Court evaluates whether the cost was associated with a necessity or a convenience. The determination should be made in light of the facts known when the expense was incurred. E.g., Zotos v. Lindbergh School Dist., 121 F.3d 356, 363 (8th Cir. 1997). With respect to depositions, the deposition need not have been used at trial to be deemed necessary. E.g., Smith v. Tenet Healthsystem SL, Inc., 436 F.3d 879, 889 (8th Cir. 2006).

The parties argue over who has the burden on this issue, but regardless of this debate's outcome Plaintiff is in a tenuous position insofar as its request for costs under section 1920(4) are concerned. If it is Plaintiff's burden, then it has fallen somewhat short in that many invoices do not explain what is being obtained for the thousands of dollars charged. If it is Clipper's burden, then Plaintiff has thwarted the effort by failing to provide sufficient information about its requests. For instance, on one invoice Plaintiff seeks $46,060.55 for "imaging/coding." This is impossible to evaluate, and even if it is ultimately Clipper's burden the Court has a hard time concluding Plaintiff has done all it could do to require that the burden be passed to Clipper.

On the other hand, the Court is mindful that it has broad discretion to determine the amount of "full costs" due to Plaintiff. The Court prefers not to strike the request completely, and instead will award Plaintiff 70% of the amount sought under section 1920(4) after the deductions set forth above. The Court discerns no basis for further modification of the amount sought under section 1920(2).

6

*7.*

      Clipper faults Plaintiff for failing to apportion costs between the two defendants who went to trial or to account for claims and parties that were dismissed before trial. Given the nature of the claims presented at trial, the Court holds that apportionment was not necessary (and likely was not possible) because the claims were intertwined and the costs incurred would not have been affected if only one of the defendants was on trial. The Court also notes that the dismissals of other parties and claims occurred at an extremely early stage of the proceeding, and thereafter activity halted for a significant period of time. It does not appear that any costs were incurred that should be attributed to dismissed parties or claims.

*8.*

      Consistent with the above rulings, the Court awards Plaintiff costs in the amount of $43,121.70 under 28 U.S.C. § 1920(2) and $60,319.73 under 28 U.S.C. § 1920(4), for a total award of $103,441.43.

IT IS SO ORDERED.

                                                      /s/ Ortrie D. Smith
                                                ORTRIE D. SMITH, SENIOR JUDGE
DATE: March 20, 2013                    UNITED STATES DISTRICT COURT